873 F.2d 1438
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
W. Gene FAIRCLOTH, Plaintiff-Appellant,
v.
Tommy M. COMBS, Individually and in his official capacity as
City Manager of the City of Clinton; Robert Wingate,
Individually and in his official capacity as Chief of Police
of the City of Clinton, A.E. Kennedy, Jr., Mayor of the City
of Clinton, City of Clinton, Defendants-Appellees
North Carolina Professional Firefighters Association, Amicus Curiae.
 No. 88-3625.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1989.
Decided April 21, 1989.
Rehearing and Rehearing In Banc Denied May 18, 1989.
 
 Philip Edward Williams for appellant.
 Joseph Michael McGuinness for Amicus Curiae The North Carolina Professional Fire Fighters Association.
 Richard Lee Rainey (M. Ann Anderson, Womble Carlyle Sandridge & Rice on brief) for appellees.
 Before WIDENER, K.K. HALL, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant is a former policeman for the City of Clinton, North Carolina. He appeals the order which granted summary judgment to all defendants. The City's chief of police, Wingate, had allegedly given some "men's magazine" cartoons to a female clerk at a city office. Word of his action spread and he was suspended for one day by the City Manager, Combs. Someone then wrote a letter to area churches criticizing Wingate's actions and questioning his fitness to hold his position. After investigation, Wingate determined that Faircloth had sent the letter and, consequently, he recommended that Faircloth be fired. Faircloth was given the opportunity to respond to the charges in a meeting with Combs. Combs upheld the recommendation and fired Faircloth. We affirm.
 
 
 2
 This litigation involves a variety of claims, state and federal, advanced by Faircloth in this Sec. 1983 action against Wingate, Combs, Clinton's mayor, and the City itself. After extensive discovery and memoranda of law, the district court ruled against Faircloth on each of his claims. The basic premise of the district court's order is that Faircloth had no protected interest in continued employment and, alternatively, if he had the requisite interest, he received sufficient due process. With regard to Faircloth's first amendment claims, the lower court determined that the form and context of the letter to the churches deprived the speech of constitutional protection. We have had the benefit of excellent briefs, including a fine brief from amicus curiae, and oral argument, and we conclude that the district court was correct in each of its rulings. We therefore affirm for the reasons set forth in the district court's order. Faircloth v. Combs, et al., C/A No. 87-80-CIV-3 (E.D.N.C. Sept. 19, 1988).
 
 
 3
 AFFIRMED.